U.S. v. Charles Denton has been submitted on the brief, so we'll move now to Case No. 5, Paul Dimon v. City of Waukegan. Come on in. Give us just a moment. All right, Counsel, you may begin.  Good morning. Adina Weiss-Ortiz, on behalf of Plaintiff Appellant Paul Dimon, I'd like to reserve two minutes for rebuttal. This appeal asks whether Mr. Dimon's ADA action was timely commenced when Appellant paid the filing fee, uploaded the civil cover sheet and the complaint, and opened the case in CMECF one week before the limitations period of January 2, 2024, deadline. But was the complaint uploaded, though? Isn't that the issue? The complaint was uploaded. And the issue here is whether it was, whether it constituted tender to the court. Pursuant to this court's precedent, if the complaint was uploaded, then the complaint was tendered to the court. And in applying Justice v. Town of Cicero, Farley v. Cope, and Farzana v. Indiana Department of Education, the consistent rule across these cases in the Seventh Circuit is a document is filed when it is delivered or tendered to the clerk, and a litigant does not lose substantive rights because of clerical or electronic processing defects after delivery. I'm sorry. Is the representation so that when the case filing, the e-filing process, when it was done on the 26th, December 26th? Case was, filing fee was paid on the 26th. The following day, the cover sheet and complaint was uploaded. Okay. So the representation is that the complaint was actually uploaded on the 27th, not January 3rd. Correct. All right. We would ask this court to reverse the timeliness dismissal, at minimum, vacate and remand for limited CMECF factfinding on tender and delivery of the complaint, and alternatively, find equitable tolling applies, and vacate the with prejudice judgment. Pursuant to Federal Rule of Civil Procedure 3, a civil action is commenced by filing a complaint, but in this circuit, particularly in the electronic filing context, filing turns on delivery or tender to the clerk. Here, the timeline is not contested. The right to sue letter was received October 3rd, 2023. The 90-day deadline was January 2nd, 2024. One week prior, Appellant paid the fee. The following day, the complaint and civil cover sheet was uploaded. And upon calling the clerk after the holidays on January 3rd to inquire, where was the file stamp complaint? Counsel, is the fact that you're saying now that the complaint was actually uploaded on December 27th, was this alleged in your complaint? It was alleged in my amended complaint. Or your amended complaint, the operative complaint here. Which paragraph number is that? It is in the footnote. Are you referencing footnote 1? Yes, Your Honor. Footnote 1 of the amended complaint on page 2. Can you read it aloud to us, please? The original complaint was filed on December 27th, 2023. However, when the filing fee and civil cover sheet were accepted, due to a clerical error, the original complaint was then uploaded on January 3rd, 2024, which was within 90 days of the receipt of the EEO sue right to sue letter. And in your response to the motion to dismiss, did you flesh out at all what happened? I'm sort of mystified as to what happened here. We have to assume the truth of the allegations, right? But you had a chance to respond to the motion to dismiss. Yes, I did. And what exactly did you say as to what this clerical error was? Because the thing that's looming in my mind that I think was motivating the district judge's decision, when you say clerical error, that feels like you or an assistant didn't press the right button to upload the document. That it was a user error on CME-CF. So if that wasn't the case, why didn't you put that in your response to the motion to dismiss? Because I hear you sort of going there. You want CME-CF discovery. I'm trying to figure out what happened here. Right, so the complaint and the cover sheet was uploaded and the fee was paid. They were done on two different dates. But what sometimes happens with e-filing, if you hit a forward button or a back button, the filing drops. And that has happened to me personally. So in this case, the filing was submitted and the complaint was not appearing on the docket. I don't know the exact mechanics of the CME-CF logs or what they would reflect. But here the district court determined that she was missing the factual predicate. And she rendered the complaint untimely when on a 12B6 motion to dismiss, it must be indisputably untimely. She admits in the district court's opinion that it was lacking an affidavit as to the exact facts that transpired in the filing. But on a 12B6 motion to dismiss, an affidavit is not required. And this would just go to the factual development that would be required on remand. I don't disagree with you as a theoretical matter. But there was a little bit of hide the ball here in terms of what happened in the response to the motion to dismiss, right? So I heard you say earlier in your presentation that you would like us to remand for limited discovery on CME-CF. Is that what you would like to see happen here? There's three possibilities. Either the court determines that the December 27th filing was timely. And the alternative, since the court stated that it lacked the factual predicate and lacked details sufficient to determine the transmission, that it be remanded for factual development. Or if this court finds that it was untimely. Did you personally do this e-filing or was it a staff person? Yes, it was. Okay, so is a staff person going to be deposed? She would have to testify. Okay. Okay, carry on. How was that opportunity not provided to you in response to the motion to dismiss? You could have provided an affidavit. You could have provided more information. Providing an affidavit on a 12B6 motion to dismiss. When it's not required and when the facts should be drawn in favorable of the non-moving party. And when I amended and specifically put a footnote in as to what transpired with the e-filing. What you have in the footnote is due to a clerical error. Yes. That it was uploaded on January 3rd. By January 3rd, it's too late. What I stated in my papers was that on December 26th, the filing fee was paid. On December 27th, the cover sheet and complaint was submitted and the case opened. One of those things under Rule 11 initiates a civil action. A complaint starts that, as you alluded to at the beginning of your argument. Yes, I did. What about this footnote tells the judge why the clerical error was not on behalf of the lawyer versus the court? If the representation that we're hearing this morning is that it was uploaded December 27th. That is counter to the footnote that you've read to us here in court this morning. I don't think it is counter. What you read to us this morning is that the original complaint was uploaded January 3rd, 2024. No, Your Honor. On the footnote, it says the original complaint was filed on December 27th, 2023. However, while the filing fee and civil cover sheet were accepted, due to a clerical error, the original complaint was uploaded January 3rd, 2024. That's the delivery. That's what I just read. Uploaded January 3rd. When you started the argument this morning, you represented that it was uploaded December 27th. Correct. The original complaint was filed December 27th, 2023, consistent with my footnote. And so do you represent the representation is different? Uploaded January 3rd, uploaded December 27th? No. Apollon's position is that if it was transmitted to the clerk on December 27th, it is irrelevant what the docket reflects. Docket perfection is not the test. The test pursuant to Farley and Cope and Justice is the transmission date. And that is a fact that needs to be developed on remand. That is why we are requesting, if the court finds that it lacks sufficient factual detail, that it be remanded for factual development. And so when you say that it was filed on December 27th and uploaded on January 3rd, can you explain to the court this morning, what is the distinction between those two? Well, uploaded would be tendered to the court and would constitute transmission pursuant to this court's precedent. Filed is when it reflects on the docket. This court has made a distinction between these two. One is transmission of the filing versus acceptance of the filing and when it's reflected on the docket. And those are two separate concepts. I'm out of time. Thank you. We would ask that you reverse and remand. Thank you. Good morning, Your Honor. May it please the court. My name is Paul Denham and I represent the defendant, Appel Lee, city of Waukegan. When I filed the motion to dismiss on behalf of the city in May of 2024, I thought that this might be a first time situation. I thought this might be an unusual fact pattern. Of course, there are times in the past that plaintiffs have failed to file a timely lawsuit within 90 days of receiving a right to sue letter. That's nothing new. However, I thought this might be a new case involving electronic filing. Something that's new in terms of not being able to follow through and file the actual complaint in the CNECF system. However, as you know, in November of 2024, this court ruled in the Dent versus Charles Schwab case that situations like the present do not constitute grounds for equitable tolling. Looking at the Dent case by itself, have we explained the distinction between what your counsel on the other side has represented this morning between filing a complaint and uploading a complaint? I believe you have based on those facts. And what's your best argument that those facts are counter to what we have in front of us here? I think the facts are nearly identical. In the Dent case, the plaintiff went into the CNECF system, created a matter, paid the filing fee. It wasn't until six days later, that was the 89th day, six days later, there was a phone call with the clerk. Why isn't the complaint filed? At that point, that plaintiff filed the complaint five days late. Similarly here, based on the date plaintiff claims he received the right to sue notice, he did log in to the CNECF system. He did pay a filing fee. He did file a civil cover sheet. However, there was no complaint. There was no complaint uploaded. The allegation is that there was a complaint uploaded, right? You just heard from your counsel, right? That's the argument. I have not seen that allegation. What I've seen is the footnote that was previously stated by her that said that the complaint was actually uploaded on January 3rd. I want to talk about process for a second. So this was a dismissal with prejudice, correct? Would you agree with me that timeliness is not typically decided on a motion to dismiss under our precedent? Typically, but not in this context. There are dozens of cases. I'm wondering, the judge here didn't allow plaintiff an opportunity to re-plead here, correct? Correct. And do you believe that that was an error? I do not believe that that's an error. I believe that there's no reason to remand it to discovery. First of all, as the judge pointed out in his decision, we can see whether something was filed to the system. We can see whether a document was successfully uploaded on the CNECF system. I can go into any matter that was initiated today and see if there was actually a complaint initiated. For whatever reason, plaintiff in this particular situation, like in the Dent situation, did not go into the system to actually see if a complaint was uploaded onto the system. That's garden variety neglect as a matter of law under the Dent standard. I don't know what additionally could happen if this was remanded back to the district court to allow the plaintiff to re-plead under these circumstances. At the end of the day, we can still see on the docket entry that the complaint was not uploaded until January 3rd. Right, but the question is the availability of equitable tolling, right? What this clerical error was, was it something with the CNECF system or was it something in counsel's office? Those things are typically fleshed out in discovery. I think your opposing counsel is correct that affidavits typically aren't required. The judge is required to take the allegations at face value. Again, based on plaintiff's pleadings, based on her response to the motion to dismiss, which, oh by the way, didn't even have a statement of facts in it. In this particular instance on the appeal, plaintiff's appellate brief included a two-paragraph statement of the case with no specific allegations. I have no idea what plaintiff's talking about here. I have no idea what facts she's alleging which need to be flushed out or re-pleaded within a second amended complaint. But I will note within her appellant's brief, she did acknowledge that the failure to successfully upload the amended, I'm sorry, the initial complaint was based, and I quote, on the inadvertent failure to upload the complaint on the same day as the cover sheet. That was in writing what she put in her briefs for you today. How is that not inexcusable neglect? How is that not garden variety neglect of ensuring that your complaint is filed in a timely basis? Here, the complaint clearly was not filed until 92 days after plaintiff claims that he received the right to sue notice from the EEOC. As such, under Dent, we ask you to follow Dent and affirm the district court's decision. Unless there are any additional questions. Counsel, according to the complaint, the city had a situation where someone got hurt on the job and then got fired for a disability stemming from an injury on the job. This statute of limitations isn't jurisdictional. The city didn't need to assert it. You have every right to and that's probably how we need to decide this, but it would go into some of what we look at in equitable tolling. Isn't this a pretty harsh result? It's similar to every other situation where a plaintiff has filed a complaint 91, 92, 95 days after receiving a right to sue letter. It's not for me to say whether it's harsh or not. I will note that within the motion to dismiss, we do have alternative grounds which weren't decided and we don't believe have to be decided, but we believe that based on what was alleged within the EEOC charge, plaintiff cannot sufficiently bring forth an ADA claim based on the fact that she cannot be, plaintiff cannot be a qualified person with a disability. Specifically, plaintiff has alleged that he on one hand can't do a myriad of very significant manual labor sort of jobs like shoveling asphalt. At the same time, plaintiff has conceded that shoveling asphalt is a job duty of a maintenance worker and that's a very straightforward. Again, it could be a harsh result, but that's the law. You have to be able to plead that you're a qualified person with a disability in order to bring forward an ADA claim. I did actually look at the alternative grounds and I think that there was an allegation in the plaintiff's complaint that he could perform the job with reasonable accommodations and that I thought, what's the job? Oh, no job description here. This is summary judgment. This isn't motion to dismiss stuff. That was my reaction. So what do you say to that? I believe that there was an admission of fact within the EEOC charge, which is not attached to the complaint, but is a document that can attach to the complaint because it is. Have you ever, can you cite to me one case where we've done that, affirmed an alternative grounds? I'm not sure. That seems pretty radical to me actually. I'm sorry. To look at an EEOC complaint that was not attached to a complaint to find an admission of fact against the plaintiff at the 12B6 stage. I believe that's in the materials, but I don't have it. Yeah, I don't think we've done that. You can't point me to a case where we have? Off the top of my head, no. Okay. Counsel, any further questions? All right. Thank you very much. Thank you. Ms. Weiss-Ortiz, I apologize. You have run out of time. I had one job and that was to watch the clock. I let you down. So we're going to round you up to a whole 60 seconds. Thank you. Just briefly. Counsel talked about equitable establishment. So a few things. In Thredco versus More USA, tolling is available where a party actively pursued his judicial remedies during the statutory period. Tolling is unavailable for complete inaction. Here, there was no complete inaction. During the statutory period, the fee was paid, the cover sheet was filed, the complaint was uploaded. It just didn't appear on the docket until one day after the deadline. In Dent, there was a five-day delay. Here, there was a one-day delay. In Dent, the clerk had to contact the attorney. In this case, I contact the clerk's office the following day. In Dent, there was no cover sheet filed. In my case, the cover sheet was filed. In Dent, there was no prompt correction after the attorney was notified. In my case, there was prompt correction. In Dent, he took no steps to correct his filing. In my case, I took affirmative steps to correct the filing. In Dent, they found garden variety neglect. In our case, there was a transmission of the complaint, and that is tender of the complaint. In Dent, they found no diligence. Here, Appellant was very diligent in getting the complaint filed not only before the statutory period, but as soon as finding out that the complaint was not accepted. And in this case, there is no prejudice to the city. They were aware of the proceedings in the underlining administrative record and had constructive notice of the complaint on December 26, which was before the statutory period. Thank you, counsel. Thank you. The court will take the case under advisement. We thank you both for your representation on both sides. We'll turn now to case number six.